# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT J. ROBUS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0439 |
| | : | |
| DR. MICHAEL S. YOON, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                                                                 FEBRUARY 4, 2019

Plaintiff Albert J. Robus, filed a *pro se* Complaint essentially asserting medical malpractice and other tort claims against Dr. Michael S. Yoon, Jeffrey Smith, Ms. Janie Mandrusov, and Abington Memorial Hospital. Robus seeks leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Robus leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.  FACTS

Dr. Yoon, a neurosurgeon, performed surgery on Robus on February 6, 2017 at Abington Hospital, to treat injuries Robus sustained in a fall three years earlier. Robus alleges that he had visited other doctors, who did not recommend surgery, but that Dr. Yoon recommended surgery even though it was not indicated. Robus agreed to the surgery on Dr. Yoon's advice, but the informed consent he signed did not include consent to use the D-Trax fusion system manufactured by Providence Medical Technologies, which Dr. Yoon used to fuse Robus' neck.

Robus alleges that the D-Trax fusion system technology is defective because parts "come out and migrate," as happened in Robus' case, causing him pain and other adverse effects.

(Compl. at 8.)[1] Robus also alleges that Dr. Yoon lied to him by telling him the surgery went well and that Dr. Yoon lied about other matters. Robus explains that he attempted to obtain counsel prior to filing the instant lawsuit, but was unable to find an attorney to represent him.

It appears Robus intends to assert constitutional claims against the Defendants as well as medical malpractice and tort claims under state law. He suggests that he is invoking this Court's federal question jurisdiction and its diversity jurisdiction. Robus invokes the Court's diversity jurisdiction based on the fact that at least one of the Defendants—Jeffrey Smith, identified as the Chief Executive Officer of Providence Medical Technologies, Inc.—"is in another state of the United States of America." (*Id.* at 5.) Robus seeks damages in the amount of one million dollars. His Complaint also includes a request for counsel.

## II.     STANDARD OF REVIEW

The Court grants Robus leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

12(h)(3). As Robus is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

Robus has not stated a basis for a federal claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, none of the Defendants are state actors. Rather, they are a private hospital, a private doctor, and two employees of a medical device company. Accordingly, the Defendants are not subject to suit under § 1983. Nor is there any other plausible basis for a federal claim against the Defendants.

Although Robus' Complaint states a basis for medical malpractice and other tort claims under Pennsylvania law, the Court lacks subject matter jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its

partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Robus appears to be a citizen of Pennsylvania. Although the Complaint indicates that the Defendants employed by Providence Medical Technologies are not citizens of Pennsylvania, both Abington Memorial Hospital and Dr. Yoon appear to be Pennsylvania citizens. As Robus shares citizenship with some of the Defendants, complete diversity is lacking. Accordingly, the Court will dismiss Robus' state law claims for lack of jurisdiction without prejudice to Robus refiling those claims in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Robus leave to proceed *in forma pauperis* and dismiss his Complaint. The Court will dismiss Robus' federal claims with prejudice and his state law claims without prejudice to refiling in state court. Robus may not file an amended complaint in this case because amendment would be futile. The request for counsel contained in Robus' Complaint is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**